# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 3, 2013

No. 12-60891

Lyle W. Cayce
Clerk

KHANH NHAT THUY LE

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL

Respondent

Petition for Review of an Order
of the Board of Immigration Appeals

Before JOLLY, DeMOSS, and SOUTHWICK, Circuit Judges.

LESLIE H. SOUTHWICK, Circuit Judge:

Khanh Nhat Thuy Le petitions for review of the Board of Immigration Appeals decision that upheld the denial of her application for an adjustment of her status to that of a lawful permanent resident. The petition is DENIED.

Le entered the United States at Los Angeles, California in March 1997 using a K-1 visa. Such visas permit entry in a nonimmigrant status of someone engaged to marry a citizen or lawful permanent resident after a petition by the prospective spouse. *See* 8 U.S.C. §1184(d)(1).

The evidence supports that unknown to Le until her arrival, her ostensible fiancé was already married. Upon discovering his marital status, she broke ties with him and moved to Austin, Texas, where she stayed with family members.

No. 12-60891

Shortly thereafter, she traveled to Houston and met Duc Tho Ngo. They were married in August 1997. While the two were married, Ngo applied for an immigrant visa on Le's behalf, which she received in April 1998.[1] Ngo became abusive to her in 2000 and 2001. In 2002, Le testified against her husband at his criminal trial where he was convicted for an assault on her. The couple divorced in September 2002, before Le could attempt to adjust her status to lawful permanent resident.

After her divorce, Le filed a self-petition under provisions of the Violence Against Women Act ("VAWA"). *See* 8 U.S.C. §1154(a)(1)(A)(iii)(I). At some point, her VAWA self-petition was granted.[2] In December 2006, after learning her petition had been granted, Le applied for an adjustment of status to lawful permanent resident on the basis of her VAWA approval. *See* 8 U.S.C. §1255(a). The United States Citizenship and Immigration Services ("USCIS") denied the adjustment in December 2007, because she had not married her K-1 citizen-petitioner. USCIS determined that her status could not be adjusted. Removal proceedings were commenced against Le in April 2008.

In removal proceedings before an immigration judge ("IJ"), Le conceded that she had overstayed her original K-1 visa. Her sole argument was that her status as a VAWA self-petitioner entitled her either to an adjustment of her status to that of a lawful permanent resident or to a cancellation of removal. The IJ denied her either form of relief. Like the USCIS, the IJ determined that she could not adjust her status because she did not marry her K-1 fiancé. In addition, the IJ denied her cancellation of removal because she failed to show

---

[1] It is unclear what type of visa she received in 1998, but it is not relevant to this case.

[2] The record is not clear as to exactly when the VAWA self-petition was granted; Le suggests that it could have been any time between 2003 and 2006. The timing, however, is not relevant to this case.

No. 12-60891

extreme hardship. She petitioned the IJ for reconsideration and was denied. She then appealed to the Board of Immigration Appeals.

The BIA reviewed only the denial of her adjustment of status. Just as the USCIS and the IJ had done, the BIA held someone who entered on a K-1 visa who failed to marry her petitioner fiancé was ineligible for an adjustment of status. Le petitions this Court for review.

## DISCUSSION

We review questions of law, such as those of statutory interpretation, *de novo*. *Martinez v. Mukasey*, 519 F.3d 532, 542-43 (5th Cir. 2008). If an immigration statute is ambiguous, we will defer to a reasonable interpretation of the statute by the BIA. *See Chevron, U.S.A., Inc. v. Natural Res. Def. Council*, 467 U.S. 837 (1984).

Upon petition by her United States citizen fiancé, an alien may be granted a K-1 visa. The visa is conditioned on either a marriage or a departure from the United States within 90 days. 8 U.S.C. §1184(d)(1); §1101(a)(13)(K)(i). Le did not comply. A VAWA self-petitioner is an alien who in good faith married a U.S. citizen or lawful permanent resident, resided with the spouse in the United States, and "during the marriage . . . has been battered or has been the subject of extreme cruelty perpetrated by the alien's spouse." 8 U.S.C. §1154(a)(1)(A)(iii)(I)(aa)-(bb). The Attorney General is granted discretion to adjust the immigration status of certain aliens, including VAWA self-petitioners, such that those aliens do not have to depart the United States in order to apply for a new visa. 8 U.S.C. §1255(a). The Attorney General is prohibited from exercising the discretion to adjust the status of an alien admitted to the United States pursuant to a K-1 visa, except under the separate procedures that apply to aliens who prove their marriage occurred. 8 U.S.C. §1255(d); §1186a.

Section 1255 is unambiguous. Le, because she entered the United States on a K-1 visa, was required to marry the person who petitioned for her visa or

depart the country within 90 days. Le did neither. Instead, she remained in the United States and subjected herself to removal and the bar to adjustment of status found in Section 1255(d).

Le has argued that since it was legally impossible for her to marry her original citizen-petitioner, her failure to marry him within 90 days should be excused. The legal impossibility of marriage did not affect the possibility of departing the United States once she knew the marriage could not occur. Instead, she stayed three years before the facts alleged in her VAWA self-petition arose. Le should have departed the country well before those events occurred. Not having done so, Le gains no new rights from the criminal conduct of her husband.

Le argues that her status as a VAWA self-petitioner "trumps" Section 1255(d)'s prohibition against adjustments of status for K-1 visa holders. Le makes several arguments that rest upon the underlying purposes of both the VAWA amendments and Section 1255(d). She urges that the bar of removal could not have been intended to preclude an alien in her circumstances from adjustment of status. Sections 1255(a) and 1255(d) announce no special rules for VAWA self-petitioners that create an exception to the Section 1255(d) bar. We do not look for a purpose for these two provisions that might go beyond the statutory language: "When the words of a statute are unambiguous, then, . . . judicial inquiry is complete." *Connecticut Nat. Bank v. Germain*, 503 U.S. 249, 254 (1992) (quotations omitted).

DENIED.